FILED

JUN 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH EDWARD BERRY,

          Plaintiff - Appellant,

  v.

CCO RUSSELL ALFARO,

          Defendant - Appellee.

No. 12-35507

D.C. No. 3:10-cv-05078-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Washington state prisoner Keith Edward Berry appeals pro se from the

district court's judgment following a jury verdict in his 42 U.S.C. § 1983 action

alleging a due process violation in connection with his community custody release.

We have jurisdiction under 28 U.S.C. § 1291. Because Berry failed to object to the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jury instructions, we review for plain error. *Hunter v. County of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011). We affirm.

Berry's challenge to the district court's exclusion of his proposed jury instructions fails because Berry did not object to their exclusion before the district court and our review of the record reveals that there was no plain error. *See id*. at 1230 ("If a party does not properly object to jury instructions before the district court, we may only consider 'a plain error in the instructions that . . . affects substantial rights.'" (citation omitted)); *Swinton v. Potomac Corp*., 270 F.3d 794, 802 (9th Cir. 2001) (in evaluating whether a particular jury instruction was plainly erroneous, we consider the jury instructions as a whole).

Contrary to his contention on appeal, Berry has no right to an ineffective assistance of counsel claim in a civil case. *See Friedman v. Arizona*, 912 F.2d 328, 333 (9th Cir. 1990).

**AFFIRMED.**

12-35507